Filed 9/3/20  P. v. Rangel CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE GERARDO RANGEL,<br><br>    Defendant and Appellant. | B303041<br><br>(Los Angeles County Super. Ct. No.NA100277) |

APPEAL from a judgment of the Superior Court of Los Angeles County, James D. Otto, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION

In a bench trial, Jose Gerardo Rangel was convicted of perpetrating a lewd act upon a child (Pen. Code, § 288, subd. (a)[1]); orally copulating a person under 14 years of age (former § 288a, subd. (c)(1)[2]); and orally copulating a child 10 years old or younger (§ 288.7, subd. (b)). We affirmed the judgment, but found the trial court had improperly imposed a multiple victim sentence enhancement. (§ 667.61, subds. (b), (e).) We therefore vacated defendant's sentence and remanded the cause for resentencing. (See *People v. Rangel* (Aug. 24, 2017, B271735 [nonpub. opn.].)

Following remand, defendant filed a petition for writ of habeas corpus asserting that his waiver of his right to a jury trial was not knowing and intelligent, and that his trial counsel had been ineffective. The trial court denied the petition and resentenced defendant; defendant appealed. Defendant's counsel filed a brief requesting that we independently review the record for error under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We have conducted an independent examination of the entire record and conclude that no arguable issues exist. We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As stated in our previous opinion, *People v. Rangel*, *supra*, B271735, "Defendant was charged by information with perpetrating a lewd act upon a child, G.R., with the intent of arousing, appealing to, and gratifying the lust, passions, and sexual desires of G.R. or himself (§ 288, subd. (a), count 1); orally

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

[2]Effective January 1, 2019, this statute was renumbered as section 287.

copulating V.S., a person under 14 years of age who also was more than 10 years younger than he ([former] § 288a, subd. (c)(1), count 2); and orally copulating V.S., a child 10 years old or younger (§ 288.7, subd. (b), count 3). Counts 2 and 3 arose out of a single incident with V.S., who was nine years old.  The information alleged a multiple victim enhancement as to all three counts. (§ 667.61, subds. (b) & (e).)  [¶] Defendant proceeded to a bench trial, at which the prosecution dismissed the multiple victim allegation as to count 3. The trial court found defendant guilty of all three counts and found true the remaining multiple victim allegations."

"Invoking section 667.61, subdivision (b), the trial court sentenced defendant to 15 years to life on each of counts 1 and 2. The court stated that it had no choice but to run those sentences consecutively, for a total sentence of 30 years to life.  The court imposed and stayed a sentence of 15 years to life on count 3, pursuant to section 654. It also imposed various fines and fees, and issued a protective order barring defendant from contacting G.R. and V.S." (*People v. Rangel, supra*, B271735.)

On appeal, defendant asserted in part that the multiple victim enhancement as to counts 1 and 2 under section 667.61, subdivisions (b) and (e) was not applicable to his case as a matter of law.  The Attorney General agreed.  We concurred, stating, "Defendant . . . was convicted of only one offense specified in section 667.61, subdivision (c), against only one victim, G.R.  The multiple victim enhancement accordingly was inapplicable as a matter of law and must be reversed." (*People v. Rangel, supra*, B271735.) We therefore affirmed the judgment, ordered the multiple victim enhancement pursuant to section 667.61,

subdivisions (b) and (e) stricken, and remanded the case for resentencing. (*Ibid*.)

Following remand, on December 20, 2017 the private attorney who had previously represented defendant, Oscar Perez, informed the court that he no longer represented defendant. The court appointed the public defender's office to represent defendant.

After several continuances, on April 2, 2019, defendant filed a petition for a writ of habeas corpus. He argued that his "[t]rial counsel failed to properly apprise the petitioner of her [*sic*] Sixth Amendment right to a jury trial, any resulting jury trial waiver was not knowing and intelligent, and there was no reasonable strategic reason for waiving jury trial in this case." Defendant represented that the jury waiver occurred as follows:

"The Court: Mr. Rangel, I understand you are going to waive your right to a jury trial and have me hear this matter as a court trial?

"The Defendant: Yes.

"The Court: After discussing this with your attorney, you are waiving your right to a jury trial and agree I can hear this matter; there won't be a jury?

"The Defendant: Yes."

Defendant argued that the "two-question waiver by Judge Otto did not disclose to Mr. Rangel the difference between a court and jury trial, how many individuals would make up a jury, a jury will be from the community and not other Judges, any basic differences between court and jury trial, and thus the only remedy being that Mr. Rangel be given a new jury trial."

Defendant also argued that he received ineffective assistance of counsel during trial. Following appeal and remand,

4

Perez had been unable to locate defendant's case file. Defendant argued, "Mr. Perez does not have a file associated with Mr. Rangel's case. . . . There is no indication that there were any kind of investigation [*sic*] conducted" into the allegations against defendant. Defendant also argued that Perez's trial performance "falls below the suggested case law," because his cross-examination of witnesses was "perfunctory," he did not file trial motions, and he did not file a sentencing memorandum.

The court ordered the District Attorney of Los Angeles County (the People) to file a return. The People contended that defendant forfeited any argument that his jury trial waiver was not knowing and intelligent by failing to assert it on direct appeal. The People also argued that because defendant "has waived his right to a jury trial [in] **seven separate prior cases**," the argument that defendant did not understand his rights was not credible. The People further contended that defendant failed to prove that his trial counsel's performance was deficient, or that any such deficiency was prejudicial.

At the hearing on October 10, 2019, the court denied defendant's petition, stating, "[T]he totality of the circumstances, particularly including the seven prior jury waivers in connection with misdemeanor pleas and duly executed *Tahl* waiver[3] on one, the court finds that the jury waivers here were knowing and intelligently given, notwithstanding the court did not provide a

[3] See, e.g., *People v. Burns* (2019) 38 Cal.App.5th 776, 782 ["For a plea to be constitutionally valid, the record must demonstrate a defendant's knowing and voluntary waiver of . . . three constitutional trial rights, now known as a '*Boykin-Tahl* waiver'; waiver cannot be presumed from a silent record. (*Boykin* [*v. Alabama* (1969) 395 U.S. 238,] 243, 89 S.Ct. 1709; *In re Tahl* (1969) 1 Cal.3d 122, 132, 81 Cal.Rptr. 577, 460 P.2d 449.)"].)

full colloquy of the details on the waiver." The court added that defendant's failure to argue the issue on appeal barred him from asserting it in a habeas petition. The court continued, "As to the ineffective assistance of counsel claim, that's denied. There's no demonstration that the performance was inefficient as [*sic*] showing a reasonable probability that [defendant] was prejudiced by the deficient performance."

The trial court sentenced defendant to a total of 21 years to life, consisting of 15 years to life on count 3 as the principal term; six years on count 1 to run consecutively; and 15 years to life on count 2, stayed pursuant to section 654. Defendant timely appealed.

On appeal, defendant's appointed counsel filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d 436, 441.) We directed counsel to send the record and a copy of the brief to defendant, and notified defendant of his right to respond within 30 days. We have received no response.

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist in the appeal before us. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende, supra,* 25 Cal.3d at p. 443.) In a non-capital case such as this one, there is "no right to appeal from a superior court denial of habeas corpus relief." (*Briggs v. Brown* (2017) 3 Cal.5th 808, 836.)

# DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.

We concur:


WILLHITE, ACTING P.J.


CURREY, J.